UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD BLASSBERG,

                          Plaintiff,

-against-

PHILIP AMICONE, individually, EDMUND HARTNETT, individually, JOHN A. LISZEWSKI, individually, DANIEL BARAHONA, individually, ROBERT GRECO, individually, PAUL WOOD, individually, DAVID MASON, individually, JOSEPH GALINSKI, individually, RICHARD MADDAFARI, individually, EILEEN AHEARN, individually, RICHARD ALAIMO, individually, the CITY OF YONKERS, New York, and City of Yonkers' SANITATION WORKERS #1 to #20,

                          Defendants.

ECF Case

08 Civ. 1506 (CLB)(GAY)

ANSWER WITH COUNTERCLAIMS

**JURY TRIAL DEMANDED**

---

      Defendants Philip Amicone, in his individual capacity, Edmund Hartnett, in his individual capacity, John A. Liszewski, in his individual capacity, Daniel Barahona, in his individual capacity, Robert Greco, in his individual capacity, Paul Wood, in his individual capacity, David Mason, in his individual capacity, Joseph Galinski, in his individual capacity, Richard Maddafari, in his individual capacity, Eileen Ahearn, in her individual capacity, Richard Alaimo, in his individual capacity, the City of Yonkers, New York, and City of Yonkers' Sanitation Workers # 1 to # 20 ("Defendants"), by and through their attorneys DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, as and for their Answer to the Complaint herein (the "Complaint"), alleges as follows:

## "NATURE OF THE ACTION"

1. Defendants deny the truth of the allegations set for in paragraph 1 of the Complaint as they relate to the actions of the Defendants. The remaining allegations set forth in paragraph 1 state legal conclusions as to which no responsive pleading is required.

## "JURISDICTION"

2. Defendants state that the allegations contained in paragraph 2 of the Complaint state legal conclusions as to which no responsive pleading is required. Defendants respectfully refer the Court to 28 U.S.C. §§ 1331 and 1343 for their complete terms.

## "THE PARTIES"

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in paragraph 4 of the Complaint.

5. Defendants admit the allegations set forth in paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8. Defendants admit the allegations set forth in paragraph 8 of the Complaint.

9. Defendants admit the allegations set forth in paragraph 9 of the Complaint.

10. Defendants admit the allegations set forth in paragraph 10 of the Complaint.

11. Defendants admit the allegations set forth in paragraph 11 of the Complaint.

12. Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13. Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14. Defendants admit the allegations set forth in paragraph 14 of the Complaint.

15. Defendants admit the allegations set forth in paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

### "THE FACTS"

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint.[1]

---

[1] The Complaint contains paragraphs sequentially numbered 1-27. In what appears to be a clerical error, the following five paragraphs are numbered 21-25. Defendants will refer to the second set of paragraphs 21-25 in the Complaint as paragraphs 28-32.

## "AS AND FOR A FIRST CLAIM"

29. In response to the allegations contained in paragraph 29 of the Complaint, Defendants repeat and reallege their responses set forth in paragraphs 1-28 as if fully incorporated herein.

30. Defendants deny the allegations set forth in paragraph 30 of the Complaint.

## "AS AND FOR A SECOND CLAIM"

31. In response to the allegations contained in paragraph 31 of the Complaint, Defendants repeat and reallege their responses set forth in paragraphs 1-30 as if fully incorporated herein.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

33. The Court lacks personal and/or subject matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

34. Plaintiff lacks capacity and/or standing to sue.

## THIRD AFFIRMATIVE DEFENSE

35. The Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

36. Defendants are entitled to qualified and/or absolute immunity.

## AS AND FOR DEFENDANTS' COUNTERCLAIMS

37. Jurisdiction is vested in this Court under 28 U.S.C. § 1367(a) in that Defendants' counterclaims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

38. This Court has jurisdiction over Plaintiff because Plaintiff expressly consented to jurisdiction in this judicial district, because Plaintiff is found in this judicial district and because Plaintiff is otherwise subject to jurisdiction pursuant to CPLR 301 and 302.

39. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Plaintiff expressly consented to venue in this judicial district and because a substantial part of the events giving rise to the claims herein have occurred in this judicial district.

## AS AND FOR A FIRST COUNTERCLAIM

40. Defendants repeat and reallege each and every allegation contained in paragraphs 37 through 39 above with the same force and effect as if fully set forth herein.

41. Plaintiff is the Editor-in-chief of and staff writer for The Westchester Guardian, a periodical published on a weekly basis and made available to the public at large.

42. On November 1, 2007, Plaintiff wrote and caused to be published in the Westchester Guardian an article entitled "It's Still A Tale of Two Cities…Seriously In Need of Change." A true and correct copy of this article is annexed hereto as Exhibit A.,

43. The November 1, 2007 article provides, in pertinent part:

*Consider*:
People now realize the Phil Amicone is a real tyrant, an oppressive politician who cannot accept criticism.

He is no friend of the City's public employees. He called Yonkers teachers "terrorists" for picketing for higher wages. He refused new police and fire department contracts for 2 ½ years.

He is a huge hypocrite. <u>Pretending to be "holier than thou", he actually frequents strip clubs; even had a "lap dance" from a girl by the name of Sassy.</u>

It's time for honesty and integrity; it's time for Dennis Robertson.

Ex. A (emphasis added).

44. Plaintiff knew that the statements that Defendant Amicone "actually frequents strip clubs.. [and] even had a 'lap dance' from a girl by the name of Sassy[,]" were false.

45. Plaintiff published these statements in an article appearing in the November 1, 2007 edition of The Westchester Guardian with actual malice, i.e., despite knowing that these statements were false and/or in reckless disregard for the truth concerning these statements.

46. Plaintiff published these statements with the intent, *inter alia,* to damage Defendant Amicone's personal, professional, occupational and political reputation.

47. These false statements made by Plaintiff constitute libel *per se*.

48. As a proximate result of Plaintiff's actions, Defendant Amicone has suffered damages in an amount to be proven at trial.

## AS AND FOR A SECOND COUNTERCLAIM

49. Defendants repeat and reallege each and every allegation contained in paragraphs 37 through 48 above with the same force and effect as if fully set forth herein.

50. Plaintiff knew, or should have known, that the statements that Defendant Amicone "actually frequents strip clubs... [and] even had a 'lap dance' from a girl by the name of Sassy[,]" were false.

51. Plaintiff negligently published these false statements in an article in the November 1, 2007 edition of The Westchester Guardian.

52. These false statements made by Plaintiff constitute libel.

53. As a proximate result of Plaintiff's actions, Defendant Amicone has suffered special damages in the form of damage to his personal, professional, occupational and political reputation.

54. The amount of special damages incurred by Defendant Amicone will be proven at trial.

## AS AND FOR A THIRD COUNTERCLAIM

55. Defendants repeat and reallege each and every allegation contained in paragraphs 37 through 54 above with the same force and effect as if fully set forth herein.

56. At the conclusion of this action, Defendants will be the prevailing parties as that term is used under 42 U.S.C. § 1988.

57. Plaintiff is liable to Defendants for their legal fees and expert fees pursuant to 42 U.S.C. § 1988(b) and (c) in connection with his defense and prosecution of this action.

WHEREFORE, Defendant demands judgment as follows:

    a. That the Court dismiss the Complaint in its entirety;

    b. On the First and Second Counterclaims, damages in an amount to be proven at trial;

    c. On the Third Counterclaim, legal fees and experts fees pursuant to 42 U.S.C. § 1988(b) and (c); and

    d. For such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
April 4, 2008

                                DELBELLO DONNELLAN WEINGARTEN
                                WISE & WIEDERKEHR, LLP

                                By: _____/s/ Kevin J. Plunkett_____
                                Kevin J. Plunkett (KP 3049)
                                Brian T. Belowich (BB 6910)
                                Matthew S. Clifford (MC 1134)
                                1 North Lexington Avenue
                                11th Floor
                                White Plains, NY 10601
                                (914) 681-0200
                                *Attorneys for Defendants*

To:   Lovett & Gould, LLP
       222 Bloomingdale Road
       White Plains, New York 10605
       (914) 428-8401

# EXHIBIT A

# THE WESTCHESTER GUARDIAN



VOL. II NO. XIII — *Westchester's Most Influential Weekly* — THURSDAY, NOVEMBER 1, 2007

## The Good:



Dennis Robertson



Clinton Young

## The Bad:



Phil Amicone

## and

## The Ugly:



Ernest Davis

See... The Advocate, p.5

THE WESTCHESTER GUARDIAN — THURSDAY, NOVEMBER 1, 2007

# Sandy Annabi Strongly Endorses Dennis Robertson

## Tells District Two Constituents "If We Elect Dennis As Our Next Mayor We Will Finally Get Our Fair Share From The City of Yonkers."

Dear Friends and Neighbors,

For the past several years, as your City Council Representative, I have steadfastly fought for your best interests. That is why I am writing to you now, to urge you to go to the polls on Election Day, Tuesday, November 6, and vote for Dennis Robertson for Mayor of Yonkers.

With Dennis Robertson as our Mayor, we, the residents of District Two, will finally get the level of service from the City of Yonkers we have long deserved. Dennis has demonstrated by his conduct on the City Council, that he has the best interests of the residents of Southwest Yonkers at heart.

Dennis Robertson and I have a great working relationship and share the same views on many issues that effect the quality of life of our residents. Dennis Robertson is hardworking and dedicated. He listens and, most importantly, he will help me to help you. This is a very important election for all of Yonkers, but most important for us, the People of District Two. If we elect Dennis as our next Mayor, we will finally get our fair share from the City of Yonkers.

Best regards,
Sandy



*Yonkers City Council Member Sandy Annabi*

## Index

**THE ADVOCATE:**
An Election Day Greeting Card for Yonkers and Mount Vernon Voters ........... 5
**CLASSIFIED** ........... 26
**COMMUNITY CALENDAR** ........... 22, 23
**DESIGN INSPIRATIONS:**
The Master Bedroom: Go From Outdated To Outrageous ........... 6
**FREEDOM ISN'T FREE:** 'Keep On Pushing' ........... 8, 9
**HOROSCOPE:** Shimmering Stars, Nov. 1 - 7 ........... 14, 15
**IN OUR OPINION:** The Old Grey Lady Has Become Irrelevant ........... 4
**LIVING LATINO IN WESTCHESTER:**
Recognizing Mental Health Issues In The Latino Community ........... 10, 17
**OUR READERS RESPOND:** ........... 4, 17
**TAKING JUDICIAL NOTICE:**
Judge William H. Robertson, Part II: The Judge Vs. The Machine ........... 20, 21
**THE COURT REPORT:**
What Injustice One Judge Signs Off On Let No Other Set Aside ........... 3
**THIS WEEK IN HISTORY:** Nov. 1 - 7 ........... 24, 26

# THE WESTCHESTER GUARDIAN

2 William Street, Suite 406   White Plains, NY 10601

*Westchester's Most Influential Weekly*

Publisher:
Guardian News Corp.
Sam Zherka, President

Editor-in-Chief:
Richard Blassberg

Graphic Designer/Newspaper & Advertising Design
John Tufts

Editorial: 914.328.3096 • F. 914.328.3824 • editor@westchesterguardian.com
Advertising: 914.576.1481 • F. 914.633.0806 • advertising@westchesterguardian.com

Published Every Thursday

THE WESTCHESTER GUARDIAN     THURSDAY, NOVEMBER 1, 2007     PAGE

# The Advocate
### Richard Blassberg

# It's Still A Tale Of Two Cities...
# Seriously In Need of Change!



*It's all about me*

**Consider:**

Ernie Davis is a very tired act. The truth is, he is very frightened to give up control for fear that he will be more vulnerable to criminal apprehension.

Ernie has long ago stopped caring about what is best for the families of Mount Vernon; and, now, his poor judgment, his self-serving conduct, and his broken promises, have caught up with him.

Things have grown so bad in many areas of the city, crime so rampant, taxes so high, the quality of life so desperate, that some families have moved back to the Bronx.

It is time for positive change; it's time for Clinton Young.



*Dr. Jekyll & Mr. Hyde*

**Consider:**

People now realize that Phil Amicone is a real tyrant, an oppressive politician who cannot accept criticism.

He is no friend of the city's public employees. He called Yonkers teachers "terrorists" for picketing for higher wages. He refused new police and fire department contracts for 2 ½ years.

He is a huge hypocrite. Pretending to be "holier than thou", he actually frequents strip clubs; even had a "lap dance" from a girl by the name of Sassy.

It's time for honesty and integrity; it's time for Dennis Robertson.