UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

RICHARD BLASSBERG,

                     Plaintiff,                    08 Civ. 1506 (CLB)

    -against-

PHILIP AMICONE, individually, *et. al*,        **ANSWER TO THIRD PARTY COMPLAINT WITH COUNTERCLAIMS**

                     Defendants.              **Jury Trial Demanded**

-------------------------------------------------------------x

        Third Party Defendants SELIM ZHERKA and THE GUARDIAN, NEWS, INC., by their attorneys Lovett & Gould, LLP, for answer to the third party complaint respectfully state:

        1. Deny paragraph "1", "3", "4", "5", "6", "8", "9", "10", "11", "12", "13", "14", "15", "16", "18", "19", "20", "21".

        2. With respect to paragraph "17" repeat and reallege as if fully set forth the responses to paragraphs "1" to "16", inclusive.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

        3. To the extent Amicone sues in his capacity as Mayor of the City of Yonkers, his claims are barred by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4. To the extent Amicone sues in his capacity as Mayor of the City of Yonkers, his claims are unlawful by reason of the fact that the City Council of the City of Yonkers did not authorize same and/or the expenditure of any public moneys for the prosecution of same.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5. To the extent Amicone sues in his individual and/or personal capacities, his claims are unauthorized and constitute an unlawful gift of public funds, violative of the Constitution of the State of New York, by reason of the circumstance that Amicone's legal counsel is being compensated for services by the City of Yonkers.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6. Amicone's claims must be dismissed for failure to comply with the Rule 3016(a) of the New York State Civil Practice Law and Rules.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7. The statements allegedly made by Third Party Defendants constitute speech protected by the First Amendment to the United States Constitution and as such are not actionable for damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8. The statements allegedly made by Third Party Defendants are absolutely privileged by reason of truth.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

9. The statements allegedly made by Third Party Defendants are qualifiedly privileged since they represent fair comment made with respect to matters of public concern and a public figure.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. The statements allegedly made by Third Party Defendants to readers of <u>The Westchester Guardian</u> are not actionable by reason of the common interest privilege.

## AS AND FOR A FIRST COUNTERCLAIM

11. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "6", inclusive.

12. To the extent Amicone sues Third Party Defendants in his official capacity as Mayor of the City of Yonkers, that counterclaim violates Third Party Defendants' rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND COUNTERCLAIM

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "6" inclusive.

14. Since the City Council of the City of Yonkers never authorized Amicone to retain defense counsel in this case, much less to commence a third party action in his personal and/or individual and/or official capacities, payment by the City of Yonkers for legal services in this case constitutes an unlawful gift of public moneys violative of the Constitution of the State of New York.

WHEREFORE a judgment is respectfully demanded:

 a. Dismissing Amicone's third party complaint to the extent prosecuted by him in his official capacity, with costs,

 b. Dismissing Amicone's third party complaint to the extent prosecuted by him in his individual and/or personal capacities, with costs,

 c. On Plaintiff's First Counterclaim awarding such compensatory and punitive damages as the jury may determine, as well as reasonable attorney's fees and costs.

 d. On Plaintiff's Second Counterclaim ordering Amicone to personally reimburse the City of Yonkers for all unlawful expenditures of public moneys in connection with his defense and/or third party complaint herein, and,

       d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      May 22, 2008

                                        LOVETT & GOULD, LLP
                                        Attorneys for Plaintiff
                                        By: _____
                                        Jonathan Lovett (4854)
                                        222 Bloomingdale Road
                                        White Plains, N.Y. 10605
                                        914-428-8401