UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL GUEVARA, et al.,

                Plaintiffs,

-against-

PHILIP AMICONE, et al.,

                Defendants.

CONSOLIDATED
Case No. 07 Civ. 6941 (CS)

------------------------------------------------------------X

VIOLETA DZIKOVIC, et al.,

                Plaintiffs,

-against-

PHILIP AMICONE, et al.,

                Defendants.

CONSOLIDATED
Case No. 07 Civ. 7692 (CS)

------------------------------------------------------------X

RICHARD BLASSBERG,

                Plaintiff,

-against-

PHILIP AMICONE, et al.,

                Defendants.

Case No. 08 Civ. 1506 (CS)

------------------------------------------------------------X

### THE HONORABLE CATHY SEIBEL, DISTRICT JUDGE:

The parties having conferred among themselves and the Court pursuant to Rule 16 of the Federal Rules of Procedure and Rule 3(A) of the Individual Practices of Judge Cathy Seibel, now therefore the following statements, directions and agreements are adopted as the Pretrial Order in this action, which has been consolidated for purposes of trial:



(i) **CAPTION**

The full caption of this action is set forth below as follows:

---------------------------------------------------------------X
MICHAEL GUEVARA, a minor, by his mother and
best friend, ELBA GUEVARA,                                      CONSOLIDATED
                                                                Case No. 07 Civ. 6941 (CS)
      Plaintiff,

  -against-

PHILIP AMICONE, individually, EDMUND HARTNETT, individually,
CITY OF YONKERS, New York, POLICE OFFICERS JOHN DOE # 1,
individually, POLICE OFFICERS JOHN DOE # 2, POLICE OFFICERS
JOHN DOE # 3, individually,

      Defendants.
---------------------------------------------------------------X
VIOLETA DZIKOVIC, HAIDXHA ZHERKA, KUJTIM ZHERKA, JOHN
O'NEILL, GABRIEL POTENTE, MADLIN SULEIMAN, LANA MARJI,
KENNETH HESLOP, RANDA SAYEGH, CHANDRA SOOKDEO, JONI      CONSOLIDATED
CAMPBELL, YOLANDA COLLAZO, ROBERTO RODRIGUEZ,            Case No. 07 Civ. 7692 (CS)
GUILLERMO CORSO, CHEZEKIA CORSO, ARACELIS BATISTA,
ALICIA CORZO, MARIO MARTINEZ, ANGEL D'INTINO, ROBERT
PALERMO, SAL POTENTE, JAMES CAREY, VERONIKA DZIKOVIC
and DEREK ROBERTO,

      Plaintiffs,

  -against-

PHILIP AMICONE, individually, EDMUND HARTNETT, individually,
JOHN A. LISZEWSKI, individually, LAWRENCE A. PORCARI, Jr.,
CITY OF YONKERS, New York, PAUL WOOD, individually, POLICE
OFFICERS JOHN DOES # 1 to # 20, individually, and SANITATION
WORKERS # 1 to # 20, individually,

      Defendants.
---------------------------------------------------------------X
RICHARD BLASSBERG,

      Plaintiff,                  Case No. 08 Civ. 1506 (CS)

  -against-

PHILIP AMICONE, individually, EDMUND HARTNETT, individually,
JOHN A. LISZEWSKI, individually, DANIEL BARAHONA, individually,
ROBERT GRECO, individually, PAUL WOOD, individually, DAVID
MASON, individually, JOSEPH GALINSKI, individually, RICHARD
MADDAFARI, individually, EILEEN AHEARN, individually, RICHARD
ALAIMO, individually, the CITY OF YONKERS, New York, and City of
Yonkers' SANITATION WORKERS #1 to #20,

      Defendants.
---------------------------------------------------------------X

(ii) **TRIAL COUNSEL**

For Plaintiffs Maribel Ayala, Cesar Castillo, Michael Guevara, Richard Guzman, Jason Gonzalez, Maumer Kllapija, Dominica L. O'Neill and Christian Salazar (collectively, the "Employees"); Plaintiffs Joni Campbell, James Carey, Dominick D'Intino, Kenneth Heslop, Anton Lukaj, Nikola Lukaj, Krishenday Marjah, Robert Palermo, Gabriel Potente, Joseph Potente, Salvatore Potente, Wendy Ram, Derek Roberto, Randa Sayegh, Chandra Sookdeo, Hatixha Zherka, Kujtim Zherka (collectively, the "Readers"); Plaintiff/Counter-Claim Defendant Richard Blassberg ("Blassberg"); Third-Party Defendant Selim Zherka ("Zherka"); and Third-Party Defendant Guardian News, Inc. ("Guardian News"):

JONATHAN LOVETT
RORY BELLANTONI
Lovett & Bellantoni, LLP
37A Saw Mill River Road
Hawthorne, New York 10532
Phone: (914) 347-4500
Fax:    (914) 347-4545
Email: jlovett@lovett-bellantoni.com
       rbell@lovett-bellantoni.com

For Defendant City of Yonkers (the "City") and Defendant/Counterclaimant/Third-Party Plaintiff Philip Amicone ("Amicone" or "Mayor Amicone") (collectively, "Defendants"):

BRIAN T. BELOWICH
MICHAEL J. SCHWARZ
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
1 North Lexington Avenue
White Plains, New York 10601
Phone: (914) 681-0200
Fax:    (914) 684-0288
Email: btb@ddw-law.com
       mjs@ddw-law.com

(iii) **SUBJECT MATTER JURISDICTION**

A. **Plaintiffs' Statement as to the Basis of Subject Matter Jurisdiction**

Plaintiffs' claims are premised upon alleged violations of their rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment and the First Amendment to the United States Constitution. Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§1331, 1343.

B.  **Defendants' Statement as to the Basis of Subject Matter Jurisdiction**

Defendants do not dispute that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1343, over Plaintiffs' claims for violation of the First and Fourteenth Amendments to the United States Constitution. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Amicone's counterclaims and third-party claims for defamation and defamation *per se*. The counterclaims and third-party claims asserted by Amicone are so related to the claims in the main actions that they form part of the same case or controversy under Article III of the United States Constitution. This Court therefore has supplemental jurisdiction over Amicone's claims and third-party claims.

(iv) **SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED**

A.  **Plaintiffs' Summary of Claims And Defenses To Be Tried**

Plaintiffs' claims to be tried are for violations of their rights as guaranteed by the First and Fourteenth Amendments, 42 U.S.C. §1983. In that connection Plaintiff Blassberg contends that his right to free speech and his right to equal protection were violated by reason of defendants imposition of a prior restraint on his speech. The so-called "employee" Plaintiffs in *Guevara* allege that those same rights were violated by a prior restraint. The so-called "reader" Plaintiffs make the same claims premised upon that ground. Philip Amicone has counterclaimed against Blassberg and served a third party complaint on Selim Zherka and *The Westchester Guardian* claiming *per se* defamation because one edition of *The Westchester Guardian* reported that Amicone frequents strip clubs and got a lap dance from "Sassy". Blassberg, Zherka, and *The Westchester Guardian* each deny that the statement is defamatory, assert truth as a defense, deny malice and/or reckless disregard for the truth.

B.  **Defendants' Summary of Claims And Defenses To Be Tried**

1.  **The "Employee Cases"[1]**

The Employees have asserted claims against the City and Mayor Amicone for violation of their First Amendment and Equal Protection rights.[2] The Employees seek an unspecified amount of compensatory and punitive damages, together with an award of attorneys' fees and costs. The following defenses will be tried in the Employee Cases: (1) whether the Employees have failed to establish that the City and Mayor Amicone violated their First Amendment and Equal Protection rights; (2) whether the Employees have failed to establish that they suffered any actual damages or emotional damages as a direct and proximate result of the alleged violation of their First

---

[1] This Court issued an Order in January 2009 consolidating the cases of *Guevara v. Amicone* (Case No. 07 Civ. 6941), *Smith v. Amicone* (Case No. 07 Civ. 6946), *Ayala v. Amicone* (Case No. 07 Civ. 7080), *Kllapija v. Amicone* (Case No. 07 Civ. 7597) and *Gonzalez v. Amicone* (Case No. 07 Civ. 7600) (collectively, the "Employee Cases") under Case No. 07 Civ. 6941.

[2] All of the claims asserted by the Employees against the remaining defendants (Edmund Harnett, John Liszewski, Paul Wood, Police Officers John Doe # 1 to # 20 and Sanitation Workers #1 to # 20) were dismissed by this Court on September 8, 2010.

1319994.doc
1018996-022

Amendment and Equal Protection rights; and (3) whether the Employees have failed to establish that they are entitled to an award of punitive damages.

### 2. The "Reader Cases"[3]

The Readers have asserted claims against the City and Mayor Amicone for violation of their First Amendment rights.[4] The Readers seek an unspecified amount of compensatory and punitive damages, together with an award of attorneys' fees and costs. The following defenses will be tried in the Reader Cases: (1) whether the Readers have failed to establish that the City and Mayor Amicone violated their First Amendment rights; (2) whether the Readers have failed to establish that they suffered any actual damages or emotional damages as a direct and proximate result of the alleged violation of their First Amendment rights; and (3) whether the Readers have failed to establish that they are entitled to an award of punitive damages.

### 3. The Blassberg Case

Blassberg has asserted claims against the City and Mayor Amicone for violation of his First Amendment and Equal Protection rights.[5] Blassberg seeks $10,000,000 in compensatory damages and $20,000,000 in punitive damages, together with an award of attorneys' fees and costs. The following defenses will be tried in the Blassberg Case: (1) whether Blassberg has failed to establish that the City and Mayor Amicone violated his First Amendment and Equal Protection rights; (2) whether Blassberg has failed to establish that he suffered any actual damages or emotional damages as a direct and proximate result of the alleged violation of his First Amendment and Equal Protection rights; and (3) whether Blassberg has failed to establish that his is entitled to an award of punitive damages.

Mayor Amicone has asserted counterclaims against Blassberg and third-party claims against Zherka and the Guardian News for defamation and defamation *per se*. The defamatory statement at issue, which was published in the November 1, 2007 edition of the *Westchester Guardian* newspaper is as follows: "People now realize that Phil Amicone is a real tyrant, an oppressive politician who cannot accept criticism... He is a huge hyprocrite. Pretending to be 'holier than thou', he actual frequents strip clubs; even had a 'lap dance' from a girl by the name of Sassy." Blassberg, Zherka and the Guardian News assert truth as a defense and deny that the defamatory statement was made with constitutional malice.

---

[3] This Court issued an Order in January 2009 consolidating the cases of *Dzikovic v. Amicone* (Case No. 07 Civ. 7692), *Sayegh v. Amicone* (Case No. 07 Civ. 8048) and *Lukoj v. Amicone* (Case No. 07 Civ. 8184) (collectively, the "Reader Cases") under Case No. 07 Civ. 7692.

[4] All of the claims asserted by the Readers against the remaining defendants (Edmund Hartnett, John Liszewski, Paul Wood, Lawrence Porcari, John Fleming, David Simpson, Police Officers John Doe # 1 to # 20 and Sanitation Workers #1 to # 20) were dismissed by this Court on September 8, 2010.

[5] All of the claims asserted by Blassberg against the remaining defendants (Edmund Hartnett, John Liszewski, Daniel Barahona, Robert Greco, Paul Wood, David Mason, Joseph Galinski, Richard Maddafari, Eileen Ahearn, Richard Alaimo and Sanitation Workers #1 to # 20) were dismissed by this Court on September 8, 2010.

5

(v) STATEMENT AS TO TRIAL BY JURY

A. Plaintiffs' Statement As To Trial By A Jury

The case is to be tried with a jury. Estimated length of trial is six to eight days.

B. Defendants' Statement As To Trial By A Jury

Plaintiffs' claims and Mayor Amicone's cross-claims and third-party claims are to be tried by a jury. The estimated length of trial is six to ten days.

(vi) STATEMENT AS TO TRIAL BY A MAGISTRATE JUDGE

The parties have not consented to a trial by a magistrate judge.

(vii) STIPULATIONS

A. Stipulated Facts

There are no stipulations or agreed statements of fact.

B. Stipulations Of Law

There are no stipulations or agreed statements of law.

(viii) WITNESS

A. Plaintiffs' Witnesses

| Witness | Subject Matter of Testimony |
|---|---|
| Cesar Castillo | Guardian distribution, ticketing |
| Michael Guevara | Same |
| Richard Guzman | Same |
| Maribel Ayala | Same |
| Dominica O'Neill | Same |
| Muamer Kllapija | Same |
| Christian Salazar | Same |
| Nichole Pacheco | Same |
| Jason Gonzalez | Same |
| Hatixha Zherka | Inability to obtain the Guardian |
| Joni Campbell | Same |
| Derek Roberto | Same |
| Dominic D'Intino | Same |
| Kenneth Heslop | Same |
| Salvator Potente | Same |
| Robert Palermo | Same |

### Plaintiffs' Witnesses (Continued)

| Witness | Subject Matter of Testimony |
|---|---|
| Chandra Sookdeo | Same |
| Randa Sayegh | Same |
| James Carey | Same |
| Krishendaye Mrajh | Same |
| Kujtim Zherka | Same |
| Gabriel Potente | Same |
| Anton Lukaj | Same |
| Nikola Lukaj | Same |
| Wendy Ram | Same |
| Selim Zherka | Ticketing, confiscation, and re third party complt |
| Richard Blassberg | Ticketing, confiscation, and re counterclaim |
| John Liszewski | Confiscation, Amicone personal complaint |
| Charles Gardner | Exhibit 30 |
| Robert Greco | Confiscation |
| David Simpson | Guardian newsracks are "propaganda machines" |

### B. Defendants' Witnesses

| Witness | Subject Matter of Testimony |
|---|---|
| Paul Wood | Allegations in the Complaints |
| Eileen Ahearn | Allegations in the Complaints |
| Richard Madaffari | Allegations in the Complaints |
| Daniel Barahona | Allegations in the Complaints |
| Philip Amicone | Counterclaims and Third-Party Complaint |
| Richard Blassberg | Counterclaims |
| Selim Zherka | Third-Party Complaint |

### (ix) DEPOSITION TESTIMONY

#### A. Plaintiffs

Plaintiff will offer the deposition testimony of Jason Gonzalez on its case in chief since he is on military duty and stationed in Hawaii. Plaintiff designates the following deposition testimony of Jason Gonzalez taken on July 9, 2009:

15:14 – 20:11
21:23 – 27:17
28:9 – 29:10
38:4 – 52:21

B. **Defendants**

Plaintiffs are obligated to establish that Jason Gonzalez is, in fact, unavailable within the meaning of Rule 32(a)(4) of the Federal Rules of Civil Procedure. If Plaintiffs establish that Jason Gonzalez is unavailable within the meaning of Rule 32(a)(4), Defendants object to the following deposition testimony designated by Plaintiffs on grounds of hearsay:

18:11 – 18:22
40:11 – 41:15
46:17 – 46:21
47:18 – 47:25
51:4 – 51:14

If Plaintiffs establish that Jason Gonzalez is unavailable within the meaning of Rule 32(a)(4), Defendants cross-designate the following deposition testimony of Jason Gonzalez, taken on July 9, 2009:

6:9 – 6:15
12:13-12:24
13:17 – 13:25
21:2 – 21:7
53:20 – 54:3

Defendants also cross-designate the following deposition testimony of Jason Gonzalez, taken on November 6, 2007:

14:3 – 16:21
21:1 – 22:25
23:7 – 23:10

If Plaintiffs cannot establish that Jason Gonzalez is, in fact, unavailable within the meaning of Rule 32(a)(4), Defendants ask that all claims filed on behalf of Jason Gonzalez be dismissed.

(x) **EXHIBITS**

A. **Plaintiffs' Exhibits/Defendants' Objections**

| Exhibit # | Description | Defendants' Objection | Plaintiffs' Response |
| --- | --- | --- | --- |
| 1 | Guardian News dated 7/5/07 | Hearsay | Non-hearsay |
| 2 | Guardian News dated 7/12/07 | Hearsay | Non-hearsay |
| 3 | Guardian News dated 7/19/07 | Hearsay | Non-hearsay |
| 4 | Guardian News dated 7/26/07 | Hearsay | Non-hearsay |
| 5 | Guardian News dated 8/2/07 | Hearsay | Non-hearsay |
| 6 | Guardian News dated 8/9/07 | Hearsay | Non-hearsay |

## Plaintiffs' Exhibits (Continued)

| Exhibit # | Description | Defendants' Objection | Plaintiffs' Response |
|---|---|---|---|
| 7 | Guardian News dated 8/16/07 | Hearsay | Non-hearsay |
| 8 | Guardian News dated 8/23/07 | Hearsay | Non-hearsay |
| 9 | Guardian News dated 8/30/07 | Hearsay | Non-hearsay |
| 10 | Ayala summons, 8/1/07 | | |
| 11 | Pacheco summons, 7/31/07 | Relevance | City Policy |
| 12 | O'Neill summons, 8/6/07 | | |
| 13 | O'Neill summons, 8/1/07 | | |
| 14 | Guzman summons, 8/6/07 | | |
| 15 | Guzman summons, 7/31/07 | | |
| 16 | Guevara summons, 7/11/07 | | |
| 17 | Castillo summons, 7/11/07 | | |
| 18 | Kllapija summons, 8/9/07 | | |
| 19 | Salazar summons, 8/9/07 | | |
| 20 | Zherka summons, 8/6/07 | Relevance | City Policy |
| 21 | Zherka summons, 8/1/07 | Relevance | City Policy |
| 22 | Newsrack photo (Cars, Daily News, Journal News) | Foundation | To be provided |
| 23 | Four photos, sanitation workers confiscating Guardian newsracks | Foundation | To be provided |
| 24 | Photo, Guardian newsrack | Foundation | To be provided |
| 25 | Photo, Guardian newsrack | Foundation | To be provided |
| 26 | Photo, confiscated Guardian newsracks | Foundation | To be provided |
| 27 | Photo, confiscated Guardian newsracks | Foundation | To be provided |
| 28 | Photo, confiscated Guardian newsracks | Foundation | To be provided |
| 29 | Receipt for 35 Guardian newsracks | Foundation, Hearsay | To be provided, Non-hearsay |
| 30 | Charles Gardner 8/21/07 memo re "NO summons" | Hearsay | Non-hearsay |
| 31 | Yonkers Code Section 100-35 | | |
| 32 | Photo, Guardian newsracks | Foundation | To be provided |
| 33 | Photo, Guardian newsracks | Foundation | To be provided |
| 34 | Photo, Guardian newsracks, Journal News, Daily News | Foundation | To be provided |
| 35 | Photo, various newsracks | Foundation | To be provided |
| 36 | Photo, Real Estate, Free Auto, Metro, Journal News & Guardian newsracks | Foundation | To be provided |
| 37 | Photo, Guardian newsrack and others | Foundation | To be provided |
| 38 | Guardian newsrack locations | Foundation, Hearsay | To be provided, To refresh recollection |

B. <u>Defendants' Exhibits/Plaintiffs' Objections</u>

| Exhibit # | Description | Plaintiffs' Objection | Defendants' Response |
|---|---|---|---|
| A | Maribel Ayala Summons – 8/1/07 | | |
| B | Cesar Castillo Summons – 7/11/07 | | |
| C | Michael Guevara Summons – 7/11/07 | | |
| D | Richard Guzman Summons – 7/31/07 | | |
| E | Richard Guzman Summons – 8/6/07 | | |
| F | Maumer KIlapija Summons – 8/9/07 | | |
| G | Dominica O'Neill Summons – 8/1/07 | | |
| H | Dominica O'Neill Summons – 8/6/07 | | |
| I | Christian Salazar Summons – 8/9/07 | | |
| J | Police Incident Reports – 7/17/07 & 8/2/07 | Foundation, hearsay | To be provided, Non-hearsay |
| K | 9/6/07 Edition of *Westchester Guardian* | | |
| L | 11/1/07 Edition of *Westchester Guardian* | | |
| M | Response to Interrogatories – 07 Civ. 7080 | Inadmissible | Admissible, Impeachment[6] |
| N | Response to Interrogatories – 07 Civ. 7597 | Inadmissible | Admissible, Impeachment |
| O | Response to Interrogatories – 07 Civ. 9618 | Inadmissible | Admissible, Impeachment |
| P | Response to Interrogatories – 07 Civ. 7692 | Inadmissible | Admissible, Impeachment |
| Q | Response to Interrogatories – 07 Civ. 8048 | Inadmissible | Admissible, Impeachment |
| R | Response to Interrogatories – 07 Civ. 8184 | Inadmissible | Admissible, Impeachment |
| S | Response to Interrogatories – 08 Civ. 1506 | Inadmissible | Admissible, Impeachment |
| T | Handwritten Notes – 7/11/07 | Foundation, hearsay | To be provided, Non-hearsay |

---

[6] *See* Fed. R. Civ. P. 33(c) ("An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence"). *See also Weiss v. National Westminster Bank, PLC*, 242 F.R.D. 33, 65 (E.D.N.Y. 2007) ("Information in a complaint is not a substitute for answers to interrogatories which unlike the allegations of a complaint can be used as affirmative evidence at trial and for impeachment and cross-examination purposes"); *International Mining Co., Inc. v. Allen & Co., Inc.*, 567 F. Supp. 777, 787 (S.D.N.Y. 1983) ("Answers to interrogatories should be in such form that they may be used upon a trial, as Rule 33 contemplates").

1319994.doc
2018994-022

10

(xi) **STATEMENT OF DAMAGES**

A. <u>Plaintiffs' Statement Of Damages</u>

Plaintiffs claim intangible compensatory damages and punitive damages neither of which is susceptible to calculation.

B. <u>Defendants' Statement Of Damages</u>

Plaintiffs seek "intangible compensatory damages" for emotional distress allegedly incurred as a result of the violation of their First Amendment and/or Equal Protection rights. In order to justify an award of money damages for emotional distress, Plaintiffs have the burden to establish by a preponderance of the evidence that they experienced concrete emotional problems. Mere subjective statements by the Plaintiffs concerning feelings of anguish or humiliation, without any physical effects of such distress or corroborating evidence or other supporting evidence are insufficient. *See Dejesus v. Village of Pelham*, 282 F. Supp. 2d 162 (S.D.N.Y. 2003).

Plaintiffs also seek punitive damages. Punitive damages are only available if Plaintiffs establish by a preponderance of the evidence that Defendants' conduct was motivated by evil intent or that it involves a reckless and callous indifference to the federally protected rights of others. *Wilson v. Aquino*, 223 Fed.Appx. 73 (2d Cir. 2007) (citing *Lee v. Edwards*, 101 F.3d 805 (2d Cir. 1996) and *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625 (1983)).

Amicone seeks compensatory and punitive damages on his counterclaims and third-party claims for defamation and defamation *per se*. Since the statement at issue is defamatory *per se*, Amicone is not required to prove special harm.

(xii) **STATEMENT AS TO VERDICT**

The parties do not consent to a less than unanimous verdict.

Dated: 9/30, 2010
White Plains, New York

*Cathy Seibel*
HON. CATHY SEIBEL
United States District Judge

APPROVED AS TO FORM
AND SUBSTANCE

Dated: September 29, 2010
Hawthorne, New York

By: _____
JONATHAN LOVETT (JL 4854)
Lovett & Bellantoni, LLP
37A Saw Mill River Road
Hawthorne, New York 10532
(914) 347-4500
Attorneys for Plaintiffs

Dated: September 29, 2010
White Plains, New York

By: _____
BRIAN T. BELOWICH (BB 6910)
DelBello Donnellan Weingarten
Wise & Wiederkehr, LLP
1 North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Attorneys for Defendants