*[Handwritten note in margin:]* This matter will be discussed at 8/15/11 on PJs state of hearing of pending motions. Plaintiffs to exceed new portion by letter (not to exceed 10 pages) by 8/12/11 at 10 AM

LAW OFFICES OF
# RAYMOND P. FITZPATRICK, JR.
FARLEY BUILDING, SUITE 600
1929 THIRD AVENUE NORTH
BIRMINGHAM, ALABAMA 35203

*So Ordered:*
*Cathy Seibel*
Cathy Seibel, U.S.D.J.
Dated: ___

TELEPHONE (205) 320-2255
TELECOPIER (205) 320-7444

*MEMO ENDORSED*

August 3, 2011

Honorable Cathy Seibel
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/2011

Re: *Guevara, et al. v. Philip Amicone and the City of Yonkers*
Case No. 07 Civ. 6941 and consolidated cases

Dear Judge Seibel:

I write in compliance with section 2(A) of Your Honor's Individual Practices requiring a pre-motion conference before the filing of most motions. Defendants City of Yonkers and Philip Amicone ("Defendants") request a pre-motion conference with the Court to discuss our anticipated motion to amend the Defendants' answer in these consolidated cases to assert the affirmative defenses of estoppel, release, res judicata, waiver and claim preclusion.

These affirmative defenses are based on the so ordered stipulation dated November 13, 2007 withdrawing *with prejudice* all damage claims (compensatory and punitive) that were asserted by *Guardian News, Inc.* ("*Guardian*") and Selim Zherka ("Zherka") in Case No. 07-CV-7078 (CLB). As a result of the evidence tendered at trial and the statements and admissions made by Zherka during the February 8, 2011 hearing, Defendants contend that, under recognized standards of claim preclusion limiting successive litigation of substantially identical claims, the punitive damage claims tried in this action are precluded by the so ordered stipulation in the *Guardian News* case.

The Supreme Court has long recognized that related and aligned parties are properly limited from engaging in successive litigation of the same claims. *Taylor v. Sturgell*, 553 U.S. 880 (2008). The statements of Zherka at the hearing conducted on February 8, 2011 substantially confirm that Zherka is now and has been the real party in interest in this litigation, has substantial control over the conduct of this litigation, and is using this litigation as a vehicle to continue the claims that he agreed to dismiss in the earlier litigation. Zherka's continued litigation through proxies is plainly barred under principles of claim preclusion, especially when the proxies consented to Zherka's earlier dismissal of the same punitive damage claims at issue in this case.

Rule 8(c) of the Federal Rules of Civil Procedure provides that the defenses of estoppel, release, res judicata and waiver are affirmative defenses which must be plead. The rules freely permit amendment of pleadings to "when justice so requires." Rule 15(b) even permits a party to "move - at any time, even after judgment - to amend the pleadings to conform them to the evidence or to raise an unpleaded issue." Denial of the right to amend must be for a valid identified reason, such as undue delay, bad faith, dilatory motive by the movant or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(d)

August 3, 2011
Page 2

authorizes supplemental pleadings based on events that "happened after the date of the pleading to be supplemented."

Some two months after the answers were filed in these cases, Zherka and *Guardian* dismissed with prejudice all damages claims against the Defendants. At the time the answer was filed in these "Related Cases," there was no issue preclusion defense to be raised. Moreover, the extent to which these "Related Cases" are indeed a continuation of the original *Guardian News* case was not fully revealed until the February 8, 2011 hearing. There has been no activity in these cases since the February 8, 2011 hearing. Hence, plaintiffs cannot in good faith claim undue delay by the movants or undue prejudice to the plaintiffs.

During the course of the trial, plaintiffs testified for relatively brief periods of time about their emotional distress claims. The jury awarded them nominal damages against the Mayor. The bulk of the testimony came from Zherka and Blassberg. Their testimony was not about what Defendants did to the individual plaintiffs, it was about Defendants' alleged wrongful conduct toward the *Guardian* newspaper. In addition to nominal damages awards, the jury awarded some $8 million in punitive damages against Amicone.

During the hearing on February 8, 2011 counsel stated that Zherka wanted involvement in the collection of the punitive damages judgment. Tr. at 7. The Court suggested that the plaintiffs may believe that "maybe Mr. Zherka was the puppet master behind bringing these cases in the first place and its only fair that he get half the recovery . . ." See *id.* at 16-17. The Court then questioned why the City had any interest in the matter at all. See *id.* at 18. Counsel for Defendants responded that Defendants were entitled to know if Zherka and the *Guardian* were the real parties in interest and the matter was of consequence because Zherka and *Guardian* had withdrawn their compensatory and punitive damages claims with prejudice. See *id.* at 21. The law does not permit Zherka to pursue the claims he waived in 2007 through proxies.

Zherka addressed the Court and made it clear that his interest was to personally punish defendant Amicone. Under the guise of helping his "employees", it was clear that Zherka was seeking the same punitive damage claim that he had waived in the earlier proceedings. He testified that it was his intent to personally chase Amicone and seize his assets due to Amicone's "egregious" conduct. Tr. 24, 25. Zherka held open the prospect that in the end, he would still be the one seeking recovery of punitive damages. Tr. at 27, 29. Zherka revealed his intentions: "This thing was done for one reason and one reason only, I'm not going to let Amicone get away with what he did, and I was willing to put all the money necessary. . . . Whether it's a dollar or $500,000, it didn't make a difference, just to bring him to justice for what he did." Tr. 31, 32.

In *Taylor v. Surgell*, 553 U.S. 880 (2008), the Supreme Court reviewed the rules regarding the preclusive effect of a prior judgment to bar the successive litigation of the same claim. Generally, a person not a party to a suit is not barred from litigating the matter in a subsequent proceeding. But, the recognized exceptions under which claim preclusion will be applied "can be grouped into six categories." *Id.*, at 893.

Several of those exceptions apply to this case. As part of a Stipulation which was approved and so ordered by Judge Brieant, Zherka and *Guardian* dismissed their claims for damages, both compensatory and punitive, *with prejudice*. In doing so, they gained the advantage of advancing the final hearing on their claims for injunctive relief and gained the adjournment of the pending summonses against their employees. Those decisions were fully concurred in by the "Related Cases" plaintiffs who were represented by the same counsel as Zherka and *Guardian*.

August 3, 2011
Page 3

Under the second *Taylor* exception, barring successive litigation by persons with sufficiently related interests, the *Guardian* corporation and its "employees" have a sufficient identity of interests that the claim for punitive damages is a single claim – which was released in 2007 with the concurrence of the employee plaintiffs. Similarly, the "readers" and the *Guardian* have an identity of interests that the readers should be bound by the decision of the newspaper to release the damages claim. The testimony at trial was that Zherka, Blassberg and the newspaper are "one." Tr. 449.

For similar reasons, the third *Taylor* basis for nonparty exclusion applies here. The Related Case plaintiffs – the "employees", "readers" and Blassberg – were all represented by parties with the same interests in the first case. Zherka, *Guardian* and the plaintiffs here have not only shared the same interests, they have all been represented by the same counsel who consented on their behalf to Zherka and *Guardian*'s dismissal of the claims for monetary claims in the injunction case.

Finally, and most important, the fifth *Taylor* basis for nonparty preclusion prohibits "relitigating through a proxy." As the Supreme Court stated the rule: "preclusion is appropriate when a nonparty later brings suit as an agent for a party who is bound by a judgment." 880 U.S. at 895. As forcefully demonstrated on February 8, 2011, the real parties in interest are Zherka and *Guardian*. The jury found that the related case plaintiffs had proven little more than nominal damages based on their individual complaints. And, the punitive damages verdict was not about the plaintiffs' claims, it was about the *Guardian's* claims. The control over the litigation by Zherka and *Guardian* is apparent as they continue to be represented by the same counsel, based their claims on the same core facts and, in a number of cases, were subject to an employer/employee relationship.

For the foregoing reasons, the defendants seek a pre-motion conference to leave to amend their answer and assert the claim preclusion defenses as explained herein.

Respectfully,

Raymond R. Fitzpatrick, Jr.
One of the Attorneys for Defendants

RPFjr/deb
cc:   Brian T. Belowich, Esq. (email)
      Jonathan Lovett, Esq. (email) jlovett@lovett-law.com
      Rory J. Bellantoni, Esq. (email) rbell@bellantoni-law.com

*Law Offices*
*of*
# RAYMOND P. FITZPATRICK, JR.
Farley Building, Suite 600
1929 Third Avenue North
Birmingham, Alabama 35203
Telephone (205) 320-2255
Telecopier (205) 320-7444

## FACSIMILE TRANSMITTAL COVER SHEET

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named below. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this facsimile message is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone (collect, if long distance), and return the original message to us at the above address via the United States Postal Service. Thank you.

| | | |
|---|---|---|
| TO | : | Hon. Cathy Seibel |
| FAX NO. | : | 914-390-4278 |
| FROM | : | Raymond Fitzpatrick, Jr. |
| DATE | : | August 3, 2011 |
| RE | : | *Guevara, et al. v. Philip Amicone and the City of Yonkers* Case No. 07 Civ. 6941 and consolidated cases |

SPECIAL INSTRUCTIONS:_____

We are submitting a total of _4_ pages, including this page. If any portion of this transmission is not legible, please contact _Debbie_ at (205) 320-2255.